UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KFORCE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No: |
| | ) | |
| SURREX SOLUTIONS CORPORATION, | ) | |
| | ) | JURY TRIAL DEMANDED |
| SERVE: | ) | |
| | ) | |
| Joseph Gendron | ) | |
| Surrex Solutions Corporation | ) | |
| 400 Continental Blvd., Suite 600 | ) | |
| El Segundo, California 90245 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Kforce Inc., and for its cause of action against defendant, states as follows:

### JURISDICTION AND VENUE

1.      Plaintiff Kforce Inc. ("Kforce") is a Florida corporation registered to do business in the state of Missouri, with its principal place of business in Tampa, Florida and a branch office located in St. Louis County.

2.      Defendant is a California corporation with its principal place of business in El Segundo, California.  Defendant has an office and regularly conducts business in St. Louis County and the State of Missouri.  In addition, many of the tortious acts committed by defendant were committed in St. Louis County.

3.      This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Kforce and defendant are citizens of different states and the amount in controversy in this

matter exceeds $75,000, exclusive of interest and costs, as Kforce is seeking actual damages and punitive damages in sums greater than that amount.

     4.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391.

PARTIES AND FACTUAL BACKGROUND

     5.     Kforce is an industry leader in providing personnel staffing solutions in a number of different industries. A major component of Kforce's business is providing staffing services in the Information Technology ("IT") sector. Kforce acts as a recruiter for businesses needing to directly hire IT employees, as a placement service for individuals in the IT field seeking direct employment, and to supplement its clients' IT staff by placing temporary IT contract employees ("consultants") with the client. Kforce provides the foregoing staffing solutions services nationwide.

     6.     Defendant is a direct competitor of Kforce.

     7.     Defendant was founded by former Kforce personnel.

     8.     In 1989, Richard A. Albert ("Albert") was hired by Source Services Corporation, a company that was later merged with and into Kforce, in St. Louis to engage in the placement of IT personnel with clients of Source. As a condition of his employment, on August 6, 1989, Albert signed a Contract of Employment and Non-Competition Agreement containing restrictive covenants. On January 1, 1990, Albert signed another Contract of Employment and Non-Competition Agreement containing restrictive covenants as a condition of his continued employment. (The 1990 Contract of Employment and Non-Competition Agreement, hereinafter "Employment Agreement," is attached hereto as Exhibit 1 and is incorporated by reference as though fully set forth herein.).

     9.     Albert established himself as the top-producing salesperson in Kforce's St. Louis office, and his sales accounted for millions of dollars worth of revenue each year.

-2-

10.    On or about November 5, 2003, Albert received an offer of employment from defendant to compete directly with Kforce in the St. Louis market as the Market Manager of defendant's new St. Louis office.

11.    On or before November 26, 2003, Albert accepted defendant's offer of employment.

12.    However, Albert did not submit notice of his resignation of employment from Kforce until January 15, 2004, with an effective termination date of January 30, 2004.

13.    Defendant's executives, who hired Albert, and who themselves are former Kforce personnel, knew that Kforce salespeople are subject to reasonable restrictive covenants, and defendant knew prior to Albert's acceptance of employment with defendant that Albert had restrictive covenants with Kforce, including post-employment non-competition and confidentiality covenants.

14.    Defendant also knew that, in Albert's capacity as the top producing salesperson in Kforce's St. Louis office, he had direct and continuous contact with Kforce's top customers and potential customers in St. Louis, and that Albert had obtained knowledge of confidential information regarding Kforce and its customers.

15.    Knowing Albert was subject to restrictive covenants, that he had developed strong relationships with Kforce's top customers and potential customers and had extensive knowledge of Kforce's confidential information and its customer's confidential information, defendant willfully induced Albert to breach the terms of his restrictive covenants.

16.    Defendant's intent in hiring Albert was to have Albert call on and solicit business from Kforce clients with which Albert had contact while employed by Kforce.

17.     During the time period before his last day of employment with Kforce on January 30, 2004, Albert entertained Kforce clients, at Kforce's expense, that he would later solicit on behalf of defendant.

18.     Moreover, while still on Kforce's payroll, on January 29, 2004, Albert successfully made a placement of an IT consultant with a Kforce client on behalf of defendant Surrex.

19.     Immediately after joining defendant as its employee, Albert began calling on and soliciting business from numerous Kforce clients he serviced while employed by Kforce.

20.     On March 30, 2004, Kforce filed a Petition for Injunctive and Other Relief and Motion for Temporary Restraining Order in the St. Louis County Circuit Court.  On March 31, 2004, the St. Louis County Circuit Court granted Kforce's Motion and entered a temporary restraining order.

21.     On May 14, 2004, at the trial on Kforce's Petition for a permanent injunction, Albert admitted under oath that he breached restrictive covenants in his Employment Agreement.

22.     On May 18, 2004, the St. Louis County Circuit Court entered a Permanent Injunction and Final Judgment enforcing Albert's restrictive covenants.  (The Permanent Injunction and Final Judgment is attached hereto as Exhibit 2 and incorporated by reference herein as though fully set forth herein).

<u>COUNT I – TORTIOUS INTERFERENCE WITH CONTRACT</u>

23.     The allegations stated in Paragraphs 1 through 22 of this Petition are incorporated by reference herein with the same force and effect as if set forth fully below.

24.     Defendant knew before Albert began his employment with defendant, and even before defendant extended an offer of employment, that Albert had a restrictive covenants with Kforce.

-4-

25.    Defendant encouraged and assisted Albert in soliciting the business of Kforce clients by utilizing his close relationships with those clients developed while he was employed by Kforce.

26.    Defendant acted with the intent to establish a presence in the St. Louis market in the IT staffing industry by unlawfully misappropriating the goodwill and customer relationships of Kforce from Albert.

27.    Defendant further acted with the intent to increase its own profits at the expense of Kforce.

28.    Defendant intentionally and tortiously interfered with Albert's restrictive covenants with Kforce.

29.    Defendant induced Albert to breach his restrictive covenants with Kforce.

30.    Defendant's intentional and tortious interference was not justified.

31.    As a direct result of the foregoing events and actions undertaken by defendant, defendant has caused damages to Kforce, including but not limited to, over $75,000 in attorney's fees and costs incurred in connection with enforcing its restrictive covenants with Albert in the underlying lawsuit in the St. Louis County Circuit Court, and plaintiff has also suffered the loss of business from one or more of its customers.

32.    Defendant's actions were willful and malicious, and performed with an evil motive and with reckless indifference to the rights of others, entitling Kforce to punitive damages.

WHEREFORE, based on the foregoing, the Court should enter judgment in favor of Kforce and against defendant for actual damages suffered by Kforce as a result of defendant's wrongful conduct and punitive damages in amounts to be determined at trial that are fair and

reasonable, plus interest and attorney's fees and costs, and for such other and further relief as the Court deems is just and proper.

COUNT II – CIVIL CONSPIRACY

33.     The allegations stated in Paragraphs 1 through 32 of this Petition are incorporated by reference herein with the same force and effect as if set forth fully below.

34.     Defendant conspired with Albert to misappropriate Kforce's goodwill and confidential information, and to compete unfairly against Kforce, in violation of Albert's obligations under his restrictive covenants with Kforce.

35.     Defendant committed numerous overt acts in furtherance of its conspiracy with Albert in breaching his restrictive covenants, including but not limited to, taking and maintaining Kforce's confidential client contact information and aiding and encouraging Albert in soliciting business from Kforce's customers Albert called on while employed by Kforce.

36.     As a direct result of the foregoing events and actions undertaken by defendant, defendant has caused damages to Kforce, including but not limited to, over $75,000 in attorney's fees and costs incurred in connection with enforcing its restrictive covenants with Albert in the underlying lawsuit in the St. Louis County Circuit Court, and plaintiff has also suffered the loss of business from one or more of its customers.

37.     In participating in the conspiracy with Albert, defendant's actions were willful and malicious, and performed with an evil motive and with reckless indifference to the rights of others, entitling Kforce to punitive damages.

WHEREFORE, based on the foregoing, the Court should enter judgment in favor of Kforce and against defendant for actual damages suffered by Kforce as a result of defendant's wrongful conduct and punitive damages in amounts to be determined at trial that are fair and

reasonable, plus interest and attorney's fees and costs, and for such other and further relief as the Court deems is just and proper.

## COUNT III – VIOLATION OF UNIFORM TRADE SECRETS PRACTICES ACT

38.    The allegations stated in Paragraphs 1 through 37 of this Petition are incorporated by reference herein with the same force and effect as if set forth fully below.

39.    Kforce's confidential information, including but not limited to its customer contact information and the needs and preferences of its customers, constitutes trade secrets under the Missouri Uniform Trade Secrets Act ("Missouri UTSA"), RSMo. 417.450, et seq. Such information derives independent economic value from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use, and is the subject of efforts that are reasonable under the circumstances to retain its secrecy.

40.    Defendant has misappropriated, both on its own and in conspiracy with Albert, Kforce's confidential trade secret information in violation of the Missouri UTSA in that Albert has disclosed to defendant, without Kforce's consent, Kforce's trade secret information that Albert acquired during his employment under circumstances that give rise to a duty to maintain its secrecy and/or limit its use.

41.    As a result of defendant's violation of the Missouri UTSA, Kforce has been damaged.

42.    In violating the Missouri UTSA, defendant's actions were willful and malicious, and performed with an evil motive and with reckless indifference to the rights of others, entitling Kforce to punitive damages.

WHEREFORE, based on the foregoing, the Court should enter judgment in favor of Kforce and against defendant for actual damages suffered by Kforce as a result of defendant's

wrongful conduct and punitive damages in amounts to be determined at trial that are fair and
reasonable, plus interest and attorney's fees and costs, and for such other and further relief as the
Court deems is just and proper.

ARMSTRONG TEASDALE LLP

BY: _____
William M. Corrigan, Jr. 2879
Michael B. Kass 94212
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (facsimile)
wcorrigan@armstrongteasdale.com
mkass@armstrongteasdale.com

ATTORNEYS FOR PLAINTIFF